IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

NECKO SMITH, #80876                                              PETITIONER

VS.                                        CIVIL ACTION NO. 3:11cv675-CWR-FKB

WARDEN WALLER                                                    RESPONDENT

### REPORT AND RECOMMENDATION

This matter is before the Court on Necko Smith's Petition for Habeas Corpus relief, filed pursuant to 28 U.S.C. § 2254. Respondent filed a Motion to Dismiss (Docket No. 11), arguing that this matter should be dismissed for Petitioner's failure to exhaust state court remedies. 28 U.S.C. § 2254 (b)-(c). Smith has failed to respond to the Motion to Dismiss. Also pending before the Court is Petitioner's Motion to Stay Case (Docket No. 7), which the Respondent opposes. For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted, and the Motion to Stay be denied. Accordingly, this matter should be dismissed without prejudice.

### I. FACTS AND PROCEDURAL HISTORY

Petitioner Smith is currently in the custody of the Mississippi Department of Corrections ("MDOC") based on various criminal convictions. See Docket No. 11 at Exs. A - D. In 1992, Petitioner was first convicted and sentenced in the Circuit Court of Copiah County, Mississippi, to serve thirty (30) years for armed robbery and five (5) years for conspiracy to commit armed robbery. In a separate proceeding before the Circuit Court of Copiah County in 1992, he pleaded guilty to sale of cocaine, for which he was sentenced to serve sixteen (16) years. He was released from MDOC and placed on parole on August 3, 2003. Since his release in 2003, he has pleaded guilty to one count of sale and distribution of recordings without display of required information

(2007), and one count of sale of less than 30 grams of marijuana (2008), both in the Circuit Court of Copiah County.[1] With this petition, Smith does not challenge his convictions or sentences, but instead, he challenges the calculation of his prison time.

In his petition, he presents documents from the MDOC Administrative Remedies Program ("ARP") wherein he challenged the computation of his sentence time. The ARP concluded that he was not eligible for parole because of his prior violent conviction for armed robbery. Docket No. 1 at 31 and 34. Although it appears that he completed the ARP, he failed to provide information about any appeal of that decision to state court. In the Motion to Dismiss, Respondent asserts that Smith's complaint regarding the ARP is currently pending before the Circuit Court of Sunflower County, Mississippi. Docket No. 11 at Ex. E. Petitioner has failed to respond to the Motion to Dismiss or provide any documentation to the contrary.

## II. DISCUSSION

In its Motion to Dismiss, the State asserts that Petitioner has failed to present this claim to the State's highest court in a procedurally proper manner. Accordingly, the State argues Smith has failed to exhaust state remedies, and his claims are not properly before this Court in a federal habeas petition. See 28 U.S.C. § 2254 (b)(1); O'Sullivan v. Boerckel, 526 U.S. 838 (1999). As stated previously, Smith has failed to respond to the Motion to Dismiss.

It is well settled that applicants seeking federal habeas relief under section 2254[2] are

---

[1]On the charge of sale and distribution of recordings without display of required information, Smith was sentenced to serve three years in MDOC custody, with one year to serve and the remainder suspended with three years post-release supervision. On the charge of sale of less than 30 grams of marijuana, Smith was sentenced to serve four years in MDOC custody.

[2]Section 2254 provides, in relevant part, that:

(b)  (1)An application for a writ of habeas corpus on behalf of a person in custody

2

required to exhaust all claims in state court prior to requesting federal collateral relief. See Edwards v. Carpenter, 120 S.Ct. 1587 (2000); Coleman v. Thompson, 501 U.S. 722, 729-55 (1991); Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. Edwards, 120 S.Ct. at 1587; see also Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999); Whitehead, 157 F.3d at 387. Petitioner has not met this requirement as to his claims because, based upon the evidence before the Court, his complaint is still pending before the Circuit Court of Sunflower County. Moreover, he has failed to show that the Circuit Court of Sunflower County has ruled upon his complaint, or that he has pursued and exhausted his claims before the Mississippi Supreme Court.

Nevertheless, prior to the State's response to the Petition, Smith filed a Motion to Stay Case (Docket No. 7), asserting that this case should be stayed so that he could exhaust his

---

pursuant to the judgment of a State court shall not be granted unless it appears that--
 (A) the applicant has exhausted the remedies available in the courts of the State; or
 (B) (i) there is an absence of available State corrective process; or
  (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b-c)(1996).

available state remedies. The State opposes a stay of the case. See Docket No. 11 at 4-6.

Federal courts have the authority to stay a habeas petition and hold it in abeyance while a petitioner exhausts his claim in state court. See Rhines v. Weber, 544 U.S. 269 (2005). However, the United States Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances" because "granting a stay effectively excuses a petitioner's failure to present his claim first to the state courts." Id. at 277. Stay and abeyance is only appropriate when three requirements are met: (1) there is good cause for the petitioner's failure to exhaust his claims first in state court; (2) the unexhausted claims are not plainly meritless; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Id. at 277-78.

In this case, Smith has failed to show good cause for his failure to exhaust his claims first in state court. As stated above, according to the filings before the Court, a complaint attacking the computation of Smith's sentence is still pending before the Circuit Court of Sunflower County. Furthermore, there is no indication in the record before the Court that Petitioner has appealed his claims to the Mississippi Supreme Court. Unlike the petitioner in Rhines, Smith does not present a "mixed" petition of exhausted and unexhausted claims. He simply has failed to exhaust any of his claims regarding his sentence computation in state court. Because Smith has failed to show good cause, the Court need not address the second and third prongs of the Rhines test. See id. at 277.

Accordingly, having considered the filings before the Court, the undersigned concludes that the "administration of justice would be better served by insisting on exhaustion" in this case, rather than reaching the merits of the petition prior to a decision in state court. Horlesy v.

Johnson, 197 F.3d 134, 136 (5th Cir. 1999)(citing Granberry v. Greer, 481 U.S. 129, 131 (1987)). This approach comports with similar cases decided by the Court. See Pruitt v. Epps, 2009 WL 4364511 (S. D. Miss. Nov. 25, 2009)(Civil Action No. 4:09cv36-HTW-LRA)(stay denied and habeas corpus petition dismissed without prejudice while petitioner's claims were pending in state circuit court); Knight v. Goff, 2007 WL 1576746 (S. D. Miss. May 30, 2007)(Civil Action No. 1:06cv1112-LG-JMR)(stay denied and habeas corpus petition dismissed while petitioner's claims were pending before the Mississippi Supreme Court).

### III. CONCLUSION

For the reasons discussed above, the undersigned recommends that the Motion to Dismiss be granted, and that the Petition for Writ of Habeas Corpus be dismissed without prejudice for failure to exhaust. Furthermore, the undersigned recommends that the Motion to Stay be denied.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636, Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 14th day of May, 2012.

      /s/ F. Keith Ball
     UNITED STATES MAGISTRATE JUDGE