IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**NECKO SMITH, #80876**                                                                      **PETITIONER**

**V.**                                                        **CAUSE NO. 3:11-CV-00675-CWR-FKB**

**WARDEN WALLER**                                                                          **RESPONDENT**

### ORDER ADOPTING REPORT AND RECOMMENDATION

Although federal law requires *habeas corpus* petitioners first to exhaust all remedies available to them in state court, federal courts occasionally stay *habeas* proceedings to allow petitioners to finish their state-court cases. Such a stay requires, among other things, that the petitioner show good cause for his failure to exhaust state-court remedies. In this case, the petitioner contends that good cause exists, but he has made no effort to explain that good cause. Therefore, he has not shown that the magistrate judge erred in recommending that this case be dismissed.

Necko Smith is an inmate in the custody of the Mississippi Department of Corrections serving a sentence related to the sale of marijuana.[1] Prior to serving the sentence for which he is incarcerated, he also was convicted of armed robbery, conspiracy to commit armed robbery, and sale of cocaine.[2]

On November 1, 2011, Smith filed a petition for writ of *habeas corpus* in federal court. Specifically, Smith contends that he is incorrectly being considered a habitual offender and has,

---

[1] Report and Recommendation [Docket No. 12] at 1-2.

[2] Report and Recommendation at 1.

1

in truth, completed his prison sentence.[3] However, Smith has not exhausted his available remedies in state court; by his own admission, he currently has a civil action pending in Sunflower County Circuit Court regarding his claim, and the trial judge has not yet adjudicated that matter. Therefore, the Mississippi Supreme Court has not yet had an opportunity to address the case.

After Smith filed his petition, the parties traded motions; Smith moved for a stay[4] of these proceedings pending a resolution in state court, and Warden Waller, the respondent, moved for dismissal.[5]

On May 14, 2012, Magistrate Judge F. Keith Ball entered a Report and Recommendation in which he suggested (1.) that Smith's petition be dismissed without prejudice for failure to exhaust available state-court remedies[6] and (2.) that Smith's motion for a stay be denied.

Smith lodged an objection[7] to Judge Ball's recommendations on June 18, 2012. That objection entitled him to *de novo* review of Judge Ball's recommendation, since Warden Waller's motion to dismiss is a potentially dispositive request.[8]

In his objection, Smith concedes that he has not yet exhausted his available state-court

---

[3] Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody [Docket No. 1] at 5.

[4] In re Smith vs. Waller, 3:11-cv-00675 [Docket No. 7].

[5] Motion to Dismiss Pursuant to 28 U.S.C. § 2254(b) and (c) [Docket No. 11].

[6] Report and Recommendation at 1 (citing 28 U.S.C. § 2254(b)(1)).

[7] Motion to Object to Report and Recommendation [Docket No. 14] (hereinafter "Objection").

[8] Fed. R. Civ. P. 72(b)(3).

remedies.[9] However, Smith claims only that he "has good cause for failure to exhaust his claims first in state court;"[10] he does not elaborate on the basis of that good cause.

Similarly, Smith avers summarily that "[t]here is no indication that the petitioner engaged in intentionally dilatory litigation"[11] and that "[t]he unexhausted claims are not plainly meritless."[12]

Smith apparently offers these arguments in response to Judge Ball's reliance on the test used to evaluate motions to stay in *habeas* cases. As Judge Ball correctly explained, the Supreme Court held in *Rhines v. Weber*[13] that in a *habeas* case where claims are unexhausted, "[s]tay and abeyance is only appropriate when three requirements are met: (1) there is good cause for the petitioner's failure to exhaust his claims first in state court; (2) the unexhausted claims are not plainly meritless; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."[14]

But Smith does not explain why good cause exists; he only claims that it does. Without any argument explaining that point, he provides this Court with no basis to find that good cause

---

[9] Objection at 2 ("Petitioner [*sic*] complaint is still pending before the Circuit Court of Sunflower County.").

[10] Objection 1.

[11] Objection at 2.

[12] Objection at 2.

[13] *Rhines v. Weber*, 544 U.S. 269 (2005).

[14] Report and Recommendation at 4 (citing *Rhines*, 544 U.S. at 278).

exists, and it cannot be said that Judge Ball erred in determining that Smith lacked good cause.[15]

Therefore, Judge Ball's Report and Recommendation is adopted in full. This case will be dismissed without prejudice. Additionally, because Smith has not established that "jurists of reason would find it debatable whether [this] court was correct in its procedural ruling,"[16] no Certificate of Appealability shall issue.

A Final Judgment memorializing this decision will be entered on this day.

SO ORDERED this Twenty-First day of June 2012.

/s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge

---

[15] See *L&A Contracting Co. v. Southern Concrete Servs., Inc.*, 17 F.3d 106, 113 (5th Cir. 1994) (failure to support claims with adequate argument results in the abandonment thereof).

[16] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).